IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BEVERLY GLASSCOCK                                                        PLAINTIFF

v.                              CIVIL NO. 13-5266

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                           DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Beverly Glasscock, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on February 18, 2004, alleging an inability to work since December 31, 2001, due to neck, back, hip and leg pain, migraine headaches, hypertension and asthma/possible chronic obstructive pulmonary disease (COPD). (Tr. 50-52, 353-355). For DIB purposes, Plaintiff maintained insured status through December 31, 2006. (Tr. 586, 612). An administrative hearing was held on March 14, 2006, at which Plaintiff appeared with counsel and testified. (Tr. 372-414).

In a written decision dated September 13, 2006, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations. (Tr. 10-17). The Appeals Council declined review of the ALJ's decision on May 5, 2008. (Tr. 3-6).

Plaintiff appealed the ALJ's September 13, 2006, decision to this Court. In a decision dated August 13, 2009, this Court remanded the case back to the Commissioner to further develop the record, and to re-evaluate Plaintiff's impairments. (Tr. 436-443). The Appeals Council vacated the ALJ's decision, and remanded Plaintiff's case back to the ALJ on August 23, 2009. (Tr. 446). A supplemental administrative hearing was held on May 17, 2010. (Tr. 511-533). Plaintiff appeared with counsel and testified.

In a written decision dated July 30, 2010, the ALJ determined Plaintiff retained the RFC to perform sedentary work with limitations. (Tr. 418-425).

Plaintiff appealed the ALJ's July 30, 2010, decision to this Court. In a decision dated March 20, 2012, this Court remanded the case back to the Commissioner to further develop the record by obtaining a RFC assessment for the relevant time period from an examining medical professional that had reviewed Plaintiff's medical records, including a MRI of the lumbar spine performed in March of 2005. (Tr. 604-611). The Appeals Council vacated the ALJ's decision, and remanded Plaintiff's case back to the ALJ on April 18, 2012. (Tr. 601-603). A supplemental administrative hearing was held on September 5, 2012. (Tr. 649-672). Plaintiff appeared with counsel and testified.

By written decision dated January 4, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 588). Specifically, the ALJ found Plaintiff had the following severe impairments: a back disorder,

asthma and seizure activity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 588). The ALJ found Plaintiff retained the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb, balance, crawl, kneel, stoop and crouch. She must avoid concentrated exposure to dusts, odors, fumes, gases and poor ventilation. She must avoid hazards, including heavy moving machinery and unprotected heights.

(Tr. 588). With the help of a vocational expert, the ALJ determined Plaintiff could perform the requirements of a representative of occupations such as a small production machine operator, a small product assembler, and a small product inspector. (Tr. 593, 634-638).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on September 19, 2013. (Tr. 573-575). Plaintiff now seeks judicial review of that decision. (Doc. 1). Both parties filed appeal briefs, and this case is before the undersigned pursuant to the consent of the parties. (Doc.6; Doc. 13; Doc. 15).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

Plaintiff argues the following issues on appeal:1) the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) the ALJ erred in his analysis and credibility findings in regard to Plaintiff's subjective complaints of pain; 3) the ALJ erred in finding that Plaintiff retains the RFC to perform a limited range of sedentary work; and 4) the ALJ failed to fully and fairly develop the record.

**A.    Insured Status:**

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B).  Plaintiff last met this requirement on December 31, 2006. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of December 31, 2001, her alleged onset date of disability, through December 31, 2006, the last date she was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB she must prove that, on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a

-5-

medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

**B.      Combination of Impairments:**

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 587). The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 588). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

**C.      Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record,, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record during the relevant time period indicated that Plaintiff was able to take care of her personal needs, do some household chores, help care for a family member for a period of time, shop for groceries and clothes, and spend time with her family. (Tr. 84, 147).

With regard to Plaintiff's alleged mental impairment, it is noteworthy that Plaintiff did not allege a disabling mental impairment in her application for benefits. See Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001) (failure to allege disabling mental impairment in application is significant, even if evidence of depression is later developed). The record also failed to demonstrate that Plaintiff sought on-going and consistent treatment from a mental health professional during the relevant time period. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).

Therefore, although it is clear that Plaintiff suffers with some degree of pain, she has not established that she is unable to engage in any gainful activity. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**D.     The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own

AO72A
(Rev. 8/82)

descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform sedentary work with limitations. The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Plaintiff's capacity to perform sedentary work with limitations is also supported by the fact that the medical evidence does not indicate that Plaintiff's examining physicians placed restrictions on her activities that would preclude performing the RFC determined. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). Accordingly, the Court finds there is substantial evidence of record to support the ALJ's RFC findings.

-8-

### E.     Fully and Fairly Develop the Record:

Plaintiff's argues that the ALJ erred by not obtaining a RFC assessment from an examining medical professional as directed by the Court in a previous remand.  After reviewing the entire record, the Court recognizes that Dr. Robert Karas, the physician that examined Plaintiff on May 23, 2012, did not complete a separate RFC assessment; however, the ALJ stated that he sent all of Plaintiff's medical records, including the March of 2005 lumbar spine MRI, to Dr. Karas for review prior to examining Plaintiff. (Tr. 590, 643).  After examining Plaintiff, Dr. Karas indicated that Plaintiff would have mild to moderate limitations with walking, lifting and carrying.  (Tr. 648).  While a completed RFC assessment from Dr. Karas would have been preferable, as indicated above, the Court finds substantial evidence to support the ALJ's RFC determination.

A review of the transcript also reveals that Plaintiff's counsel indicated at the September 5, 2012, supplemental hearing, that he would provide to the ALJ additional medical records from a Dr. Salmon, who Plaintiff indicated had treated her for about a year prior to the current hearing date, as well as the free clinic.  (Tr.  654-655, 667-668).  Plaintiff's counsel did submit medical records dated after the ALJ's hearing decision; however, Plaintiff's counsel did not submit the medical records discussed during the September 2012 hearing.  While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it

AO72A
(Rev. 8/82)

includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

   **F.**  **Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a small production machine operator, a small product assembler, and a small product inspector, during the relevant time period. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.** **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

   DATED this 6th day of January, 2015.

                    /s/ *Erin L. Setser*
                    HON. ERIN L. SETSER
                    UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)